**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4889**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARIAN TERRENCE HARRIS, a/k/a Darion Harris,
a/k/a Damien Russell, a/k/a Damion Russell,
a/k/a Darren Jackson, a/k/a Russell Damior,
a/k/a Michael Jones,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-9800)

---

Submitted:  September 28, 2005      Decided:  November 23, 2005

---

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Opinion reinstated; sentence affirmed by unpublished per curiam
opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Frank D. Whitney, United States Attorney, Anne M.
Hayes, Christine Witcover Dean, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the Supreme Court. We previously affirmed Darian Harris' conviction. United States v. Harris, No. 03-4889, 2004 WL 2164941 (4th Cir. Sept. 21, 2004) (unpublished). The Supreme Court vacated our decision and remanded Harris' case to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

Harris contends that the district court erred in sentencing him under the mandatory guideline system based on its finding by a preponderance of the evidence that he obstructed justice. See U.S. Sentencing Guidelines Manual § 3C1.1 (2002). Because this claim was not raised in the district court, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). After Booker, any fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by the jury verdict must be admitted by the defendant. 125 S. Ct. at 756. Although Harris initially objected to the enhancement, at sentencing, he withdrew his objection and admitted to the facts in the presentence report. He further negotiated the specific sentence he in fact received. Thus, there was no factual dispute and, correspondingly, no Sixth Amendment error under Booker. With respect to whether the district court's mandatory application of the guidelines constituted plain error, we find Harris has not established that

the error in treating the guidelines as mandatory affected his substantial rights.  <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 215-25 (4th Cir. 2005).

Accordingly, we reinstate our September 21, 2004 opinion and affirm Harris' sentence after our reconsideration in light of <u>Booker</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>OPINION REINSTATED</u>;
<u>SENTENCE AFFIRMED</u>